UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

ANGELA GINO,

    Plaintiff,

v.                                                     CASE NO: 24-cv
                                                    HON:

NATHANIAL VOYTOVICK, in his individual and official capacities, and
CITY OF NEW BUFFALO,

    Defendants.

CHRISTOPHER TRAINOR & ASSOCIATES
CHRISTOPHER J. TRAINOR (P42449)
AMY J. DEROUIN (P70514)
JONATHAN A. ABENT (P78149)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI  48386
(248) 886-8650
(248) 698-3321-fax
shanna.suver@cjtrainor.com
amy.derouin@cjtrainor.com
jon.abent@cjtrainor.com

THERE IS NO OTHER PENDING OR RESOLVED CIVIL ACTION ARISING OUT OF THE TRANSACTION OR OCCURRENCE ALLEGED IN THE COMPLAINT

## COMPLAINT AND JURY DEMAND

**NOW COMES** Plaintiff, **ANGELA GINO**, by and through her attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and for her Complaint against the above-named Defendants states as follows:

1. Plaintiff is a resident of the Town of Michiana Shores, County of LaPorte, State of Indiana.

2. Defendant NATHANIAL VOYTOVICK is and/or was a police officer working for and/or assigned to the New Buffalo Police Department at all times mentioned herein and was

1

acting under color of law, in his individual and official capacities, and within the course and scope of his employment.

3. Defendant CITY OF NEW BUFFALO is a municipal corporation and/or governmental subdivision that is organized and existing under the laws of the State of Michigan.

4. All events giving rise to this lawsuit occurred in the County of Berrien, State of Michigan.

5. This lawsuit arises out of Defendants' violation of Plaintiff's federal constitutional rights as secured by the Fourth Amendment as it applies to the States through the Fourteenth Amendment to the United States Constitution and consequently, Plaintiff has a viable claim for damages under 42 U.S.C. §1983.

6. Jurisdiction is vested in this Court pursuant to 28 U.S.C. §1331 [federal question] and 28 U.S.C. § 1343 [civil rights].

7. That the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), not including interest, costs, and attorney fees.

## FACTS

8. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

9. On or about the early morning of July 16, 2022, Plaintiff was present while Defendant VOYTOVICK investigated Plaintiff's brother, Justin Gino, on suspicion of operating while under the influence.

10. The relevant events took place in the driveway of Justin Gino's home in Berrien County, Michigan.

11. Plaintiff had not been driving any vehicle and was not under suspicion of operating while under the influence, nor any other crime.

12. Plaintiff was merely standing in the driveway.

13. Nonetheless, Defendant VOYTOVICK grabbed Plaintiff by both arms behind her back, slammed Plaintiff against the rear of a parked vehicle, and tackled Plaintiff face-first onto the concrete driveway.

14. Plaintiff was placed into handcuffs and arrested, and transported to the Berrien County Jail.

15. On November 28, 2022, Plaintiff was convicted by guilty plea of one count of disturbing the peace arising out of the subject incident in the Berrien County Circuit Court.

16. As a result of Defendants' unreasonable and/or unlawful actions and/or inactions, Plaintiff suffered significant injuries and damages.

### COUNT I
### 42 U.S.C. § 1983
### VIOLATION OF THE FOURTH AMENDMENT
### EXCESSIVE FORCE

17. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

18. The Fourth Amendment to the United States Constitution establishes that Plaintiff has the right to be free from unreasonable searches and seizures.

19. At all relevant times herein, the individual Defendant VOYTOVICK acted under color of law, within the scope and course of his employment, and in his official and individual capacities.

20. Defendant VOYTOVICK violated Plaintiff's clearly established and federally protected rights as set forth under the United States Constitution and the Amendments thereto, including, but not limited to, the Fourth Amendment of the United States Constitution to be free from unreasonable searches and seizures.

21. Defendant VOYTOVICK violated Plaintiff's Fourth Amendment right to be free from the use of unreasonable and/or excessive by using such force against her during the events on or about July 16, 2022 including, but not limited to, grabbing Plaintiff by both arms behind her back, slamming Plaintiff against the rear of a parked vehicle, and tackling Plaintiff face-first onto a concrete driveway.

22. At the time of the incident, Plaintiff was not committing a crime, serious or otherwise, did not pose a threat to Defendant VOYTOVICK nor anyone else, nor was Plaintiff attempting to flee or otherwise resist arrest.

23. The actions and/or inactions of Defendant VOYTOVICK were at all times objectively unreasonable in violation of Plaintiff's clearly established rights under the Fourth Amendment to the United States Constitution which proximately resulted in significant injuries to Plaintiff.

24. Defendant VOYTOVICK acted under color of law and is not entitled to qualified immunity because he violated Plaintiff's clearly established Fourth Amendment rights to be free to unreasonable searches and seizures including, but not limited to, be free from the use of excessive force.

25. As a proximate result of the violations and/or deprivations of Plaintiff's constitutional rights by Defendant VOYTOVICK, Plaintiff has a viable claim for compensatory and

punitive damages pursuant to 42 U.S.C. § 1983, together with costs, interest, and attorney fees as set forth in 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in his favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs, interest, and attorney fees.

## COUNT II
## CONSTITUTIONAL VIOLATIONS
## DEFENDANT CITY OF NEW BUFFALO

26. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

27. Defendant CITY OF NEW BUFFALO acted recklessly and/or with deliberate indifference when it practiced and/or permitted customs and/or policies and/or practices that resulted in constitutional violations to Plaintiff.

28. These customs and/or policies and/or practices included, but were not limited to, the following:

    a. Failing to adequately train and/or supervise its law enforcement officers so as to prevent violations of citizen's constitutional rights;

    b. Failing to adequately train and/or supervise its law enforcement officers regarding reasonable searches and seizures;

    c. Failing to supervise, review, and/or discipline law enforcement officers whom Defendant CITY OF NEW BUFFALO knew or should have known were violating or were prone to violate citizens' constitutional rights, thereby permitting and/or encouraging their police officers to engage in such conduct; and

    d. Failing to adequately train and/or supervise its law enforcement officers in the proper policies and procedures for conducting reasonable searches and seizures.

    e. Failing to equip its law enforcement officers with specific tools to handle recurring situations.

29. Defendants' conduct demonstrated a substantial lack of concern for whether an injury resulted.

30. Defendants' acts and/or indifference and/or omissions were the direct and proximate cause of Plaintiff's injuries.

31. The facts as set forth in the preceding paragraphs constitute a violation of Plaintiff's Fourth and/or Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983, and Plaintiff has a viable claim for compensatory and punitive damages plus interest, costs, and attorney fees as set forth in 42 U.S.C. §1988.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in Plaintiff's favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs, interest, and attorney fees.

Respectfully Submitted,
CHRISTOPHER TRAINOR & ASSOCIATES

BY: **/s/ Jonathan A. Abent**
CHRISTOPHER J. TRAINOR (P42449)
AMY J. DEROUIN (P70514)
JONATHAN A. ABENT (P78149)
Attorney for Plaintiff
9750 Highland Road
White Lake, MI  48386
(248) 886-8650
shanna.suver@cjtrainor.com
amy.derouin@cjtrainor.com
jon.abent@cjtrainor.com

Dated:  August 23, 2024
*JAA*

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**

ANGELA GINO,

    Plaintiff,

v.                                        CASE NO: 24-cv
                                            HON:

NATHANIAL VOYTOVICK, in his individual and official capacities, and
CITY OF NEW BUFFALO,

    Defendants.

| | |
|---|---|
| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>AMY J. DEROUIN (P70514)<br>JONATHAN A. ABENT (P78149)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI  48386<br>(248) 886-8650<br>(248) 698-3321-fax<br>shanna.suver@cjtrainor.com<br>amy.derouin@cjtrainor.com<br>jon.abent@cjtrainor.com | |

**<u>DEMAND FOR TRIAL BY JURY</u>**

**NOW COMES** Plaintiff, **ANGELA GINO**, by and through her attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and hereby makes a Demand for Trial by Jury in the above-captioned matter.

                                                            Respectfully Submitted,
CHRISTOPHER TRAINOR & ASSOCIATES

BY: **/s/ Jonathan A. Abent**
CHRISTOPHER J. TRAINOR (P42449)
AMY J. DEROUIN (P70514)
JONATHAN A. ABENT (P78149)
Attorney for Plaintiff
9750 Highland Road
White Lake, MI 48386
(248) 886-8650
shanna.suver@cjtrainor.com

Dated: August 23, 2024     amy.derouin@cjtrainor.com
*JAA*     jon.abent@cjtrainor.com